IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY HUGHLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No. 3:08cv101-WKW |
| | ) | |
| WILLIE R. COLLINS, WARDEN, | ) | [WO] |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Johnny Hughley styles this action as a petition brought pursuant to 28 U.S.C. § 2241.[1] By his petition, Hughley challenges his 1998 federal convictions and sentence for possession of counterfeit currency; passing, uttering, and publishing counterfeit currency; and possessing a firearm after having been convicted of a felony.[2] Upon review of Hughley's petition, it is clear that he is not entitled to relief from this court.

---

[1] Although Hughley's petition is date-stamped "received" on February 12, 2008, he signed it on February 5, 2008. Under the mailbox rule, a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Hughley] signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] *See* Criminal Case Nos. 3:98cr43-MHT & 3:98cr97-MHT. A jury found Hughley guilty of these offenses on August 26, 1998. On December 18, 1998, the district court sentenced Hughley to a term of 57 months' imprisonment. On November 19, 1999, the Eleventh Circuit Court of Appeals affirmed Hughley's convictions and sentence. *See United States v. Hughley*, 202 F.3d 287 (11th Cir. 1999) (unpublished table decision).

## I.  DISCUSSION

Hughley contends his imprisonment violates his Fourth and Fifteenth Amendment rights because, at trial, the federal prosecutor and district court rejected his offer to stipulate to his prior state felony conviction, resulting in the admission of unduly prejudicial evidence. (Doc. No. 1 at 3.)

The claim presented by Hughley goes to the fundamental legality of his convictions and resulting incarceration.  The law directs that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and/or sentence imposed by a federal court. "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to ... section [2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of [the inmate's] detention." 28 U.S.C. § 2255 ¶5.

The "inadequate or ineffective" savings clause of 28 U.S.C. § 2255 applies to a claim when (1) that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes that the petitioner was convicted for a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

Hughley does not meet each of the prerequisites necessary to invoke application of the savings clause of § 2255, thereby precluding any relief in a proceeding under 28 U.S.C. § 2241. Initially, it is clear that Hughley's claim is not premised upon a Supreme Court decision issued after his conviction which the Court made retroactively applicable to such conviction. Moreover, Hughley has not been "convicted of any crime which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is nonexistent." *Wofford*, 177 F.3d at 1245. Finally, pertinent federal law did not foreclose Hughley from presenting the claim now before this court at the time this claim otherwise could and should have been raised. The claim pending before this court therefore fail to warrant relief under the savings clause of § 2255.

A prisoner cannot use § 2241 simply to escape the procedural restrictions placed on § 2255 motions by the AEDPA. *Wofford*, 177 F.3d at 1245. "[T]he savings clause ... does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *Id*. "If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' and therefore that he is entitled to petition for a writ of habeas corpus under § 2241(c)(3), then Congress would have accomplished nothing at all in its attempts – through statutes like the AEDPA – to place limits on federal collateral review." *Triestman v. United States*, 124 F.3d 361, 376 (2nd Cir. 1997); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997) (a federal petitioner may not proceed under "§ 2241 merely because [he] is unable to meet the stringent

3

gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255."); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted) ("The remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, ... or because an individual is procedurally barred from filing a § 2255 motion....").

It appears likely that Hughley filed this action pursuant to § 2241 in an attempt to circumvent the applicable one-year period of limitation and/or the constraint on successive § 2255 motions contained in 28 U.S.C. § 2244(b)(3)(A).[3] However, under no circumstances can this court countenance Hughley's circumvention of the procedural restraints contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as § 2255 is not rendered inadequate or ineffective to challenge the legality of a petitioner's detention merely because the applicable limitation period has expired or a subsequent motion under the section would be barred as successive.

---

[3] A one-year period of limitation applies to motions filed under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255 ¶6.

Moreover, a second or successive § 2255 motion in the district court requires the petitioner first to secure from the appropriate court of appeals an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255 ¶8.

This court's records reflect that Hughley has on at least one prior occasion attacked his conviction and sentence through a 28 U.S.C. § 2255 motion that was ultimately denied by this court.[4] The pleadings and other documents in this case reflect that Hughley has not received certification from the Eleventh Circuit Court of Appeals authorizing this court's consideration of his successive § 2255 motion. Accordingly, this court lacks the jurisdiction to consider Hughley's present petition, and the petition is due to be summarily dismissed. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

---

[4] Hughley's first § 2255 motion was filed on April 3, 2000. *See* Criminal Case Nos. 3:98cr43-MHT & 3:98cr97-MHT, Doc. No. 75. This court decided all claims in that motion adversely to Hughley. *Id.,* Doc. No. 150 - *Aug. 13, 2002, Recommendation of Magistrate Judge* (adopted as judgment of the court by final order of Aug.18, 2002, Doc. No. 154).

On August 4, 2004, Hughley filed a pleading styled as "*Request for a Nunc Pro Tunc Reconsideration and/or in the Alternative a Correction of Sentence*," again challenging his convictions and sentence. Criminal Case Nos. 3:98cr43-MHT & 3:98cr97-MHT, Doc. No. 184. Because that motion attacked the fundamental validity of Hughley's sentence, this court characterized the motion as a *motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255*. Because Hughley had not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion, this court summarily dismissed his § 2255 motion. *Id.,* Doc. No. 199 - *Jul. 18, 2005, Recommendation of the Magistrate Judge* (adopted as judgment of the court by final order of Sep. 9, 2005, Doc. Nos. 202 & 203).

On January 9, 2006, Hughley again attacked his convictions and sentence, this time in a pleading styled as a motion for relief under FED.R.CIV.P. 60(b)(6). Civil Action No. 3:06cv28-MHT. However, because that motion again asserted only a new claim for relief from the convictions and sentence and was not directed to the integrity of this court's judgments denying Hughley's prior § 2255 motions, this court found that Hughley's reliance on FED.R.CIV.P. 60(b)(6) as a vehicle for seeking relief was improper and that his motion was another successive § 2255 motion filed without authorization from the Eleventh Circuit. See Civil Action No. 3:06cv28-MHT*,* Doc. No. 2 - *Oct. 3, 2006, Recommendation of the Magistrate Judge* (adopted as judgment of the court by final order of Nov. 9, 2006, Doc. Nos. 6 & 7).

The court notes that Hughley appears to purport he is in custody under the sentence imposed for his 1998 federal convictions. However, even if his imprisonment was no longer based on that sentence when he filed the instant petition, this court would lack jurisdiction to entertain the petition. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *Van Zant v. Florida Parole Commission*, 104 F.3d 325, 327 (11th Cir. 1997); *Unger v. Moore*, 258 F.3d1260, 1263 (11th Cir. 2001) (federal courts lack subject matter jurisdiction to consider habeas "petitions which challenge a conviction with a completely expired sentence").

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The instant petition for habeas corpus relief filed by filed by Hughley be DENIED.

2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A), as Hughley has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that on or before March 26, 2008, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of March, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE